IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Julius H. Pitts, #288589, | ) C/A No. 0:09-1000-MBS-PJG |
| | ) |
| Plaintiff, | ) |
| | ) **REPORT AND RECOMMENDATION** |
| vs. | ) |
| | ) |
| Perry Correctional Institution Medical Staff; | ) |
| Kirkland Correctional Institution Medical Staff; | ) |
| Lee Correctional Institution Medical Staff, | ) |
| and all Individual and Officially, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

This civil rights matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC. The plaintiff, Julius H. Pitts ("Plaintiff"), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983. Plaintiff is an inmate at Lee Correctional Institution, a facility of the South Carolina Department of Corrections ("SCDC"), and files this action *in forma pauperis* under 28 U.S.C. § 1915. The Complaint names as Defendants the "Medical Staff" at three SCDC correctional facilities.[1] Plaintiff claims the Defendants have been deliberately indifferent to his medical needs and seeks monetary damages, as well as injunctive relief. Having reviewed the Complaint in accordance with applicable law, the court concludes that it should be summarily dismissed for failure to state a claim upon which relief may be granted.

### *PRO SE* AND *IN FORMA PAUPERIS* REVIEW

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915

---

[1]Title 28 U.S.C. § 1915A(a) requires review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."

and the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995) (*en banc*); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A finding of frivolousness can be made where the complaint "lacks an arguable basis either in law or in fact." Denton, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. Neitzke, 490 U.S. 319; Allison v. Kyle, 66 F.3d 71 (5th Cir. 1995).

This court is required to liberally construe *pro se* complaints. Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. Erickson v. Pardus, 551 U.S. 89 (2007); Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. Fine v. City of New York, 529 F.2d 70, 74 (2d Cir. 1975).

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a petition to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

## BACKGROUND

Plaintiff states that, while incarcerated at Perry Correctional Institution ("PCI") in 2005, he twisted his "right foot, hurting his ankle and big toe." (Compl., Docket Entry 1 at 3.) Plaintiff was seen by medical staff at PCI and diagnosed with a sprain. Plaintiff went "back and forth to Perry and Kirkland Medicals about pain in [Plaintiff's] right foot, ankle, and big toe" for the remainder of 2005. Id. Plaintiff was referred to "Anderson Radiology" in 2006 for "cat-scans." In April of 2007, Plaintiff received a pair of orthopedic tennis shoes from Kirkland Correctional Institution ("KCI"), however, Plaintiff states the shoes were too large and his pain continued.

Early in 2008, Plaintiff was re-scheduled to see a doctor at KCI, but was transferred to Lee Correctional Institution ("LCI") prior to that appointment. Plaintiff saw LCI medical staff regarding his continued pain and was allegedly told that LCI would not buy Plaintiff "shoes for medical treatment." Id. Plaintiff was later seen by a nurse practitioner, who told Plaintiff to make sure the podiatrist looked at Plaintiff's "cat-scans." Plaintiff was examined

by a podiatrist at KCI in October of 2008, who reviewed Plaintiff's x-rays. The doctor indicated that Plaintiff would need reconstructive surgery to alleviate his pain. In March of 2009, Plaintiff learned that his surgery had been disapproved.

Plaintiff further complains that he has been given a "permanent" pass to sleep on the bottom bunk, but is currently assigned a top bunk. Plaintiff states that jumping out of the top bed causes his ankle to swell. Plaintiff seeks monetary damages for the Defendants' "medical mistakes." Plaintiff also asks the Court to direct that Plaintiff receive: (1) surgery for his foot; (2) orthopedic shoes once a year; and (3) another permanent "bottom bunk pass."

## DISCUSSION

The Complaint fails to state a claim upon which relief may be granted as to the named defendants. To state a claim for damages under 42 U.S.C. § 1983, an aggrieved party must allege: (1) that he or she was injured; (2) by the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States; (3) by a person acting under color of state law. See 42 U.S.C. § 1983.

The Defendants in the present action are listed as "Medical Staff" at Perry, Kirkland, and Lee Correctional Institutions. It is well settled that only "persons" may act under color of state law, therefore, a defendant in a section 1983 action must qualify as a "person." The use of the term "staff" or the equivalent as a name for alleged defendants, without the naming of specific staff members, is not adequate to state a claim against a "person" as required in § 1983 actions. See Barnette v. Padula, No. 9:09-cv-00949-RBH, 2009 WL 1371815 (DSC May 15, 2009); Barnes v. Baskerville Corr. Cen. Med. Staff, No. 3:07-cv-195, 2008 WL 2564779 (E.D. Va. June 25, 2008); Martin v. UConn Health Care, No. 3:99-cv-2158 (DJS), 2000 WL 303262, *1 (D. Conn., Feb. 9, 2000). As Plaintiff's Complaint

names Defendants who are not "persons" amenable to suit under § 1983, his action should be summarily dismissed without prejudice and without service of process.

However, even had Plaintiff named proper defendants, his deliberate indifference claim would fail. With respect to medical care, a prisoner in a § 1983 case "must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs," and not every claim by a prisoner that he has been denied adequate medical treatment states a violation. Estelle v. Gamble, 429 U.S. 97, 105-106 (1976). Furthermore, in Miltier v. Beorn, the United States Court of Appeals for the Fourth Circuit noted that the medical treatment at issue "must be so grossly incompetent, inadequate or excessive as to shock the conscience or to be intolerable to fundamental fairness" and that "mere negligence or malpractice does not violate the [Constitution]." Miltier v. Beorn, 896 F.2d 848, 851-852 (4th Cir. 1990) (citation omitted).

The instant Complaint indicates that the Plaintiff has received medical care from the Defendants on numerous occasions since the time of his injury. Thus, the Plaintiff admits that the Defendants have provided medical attention, however, he complains that he did not receive "the right medical treatment." Although the provision of medical care by prison or jail officials is not discretionary, the type and amount of medical treatment is discretionary. See Brown v. Thompson, 868 F. Supp. 326, 329, n. 2 (S.D. Ga. 1994) (collecting cases). Further, while the United States Constitution requires that prisoners be provided with a certain minimum level of medical treatment, "it does not guarantee to a prisoner the treatment of his choice." Jackson v. Fair, 846 F.2d 811, 817 (1st Cir. 1988). In the present action, Plaintiff has clearly received medical attention for his injury. Thus, the Defendants' actions do not rise to the level of deliberate indifference to a serious medical need.

To the extent Plaintiff may be claiming negligence or incorrect medical treatment, such claims are not actionable under 42 U.S.C. § 1983. The law is well settled that negligence, in general, is not actionable under 42 U.S.C. § 1983. See <u>Daniels v. Williams</u>, 474 U.S. 327, 328-336 & n. 3 (1986); <u>Davidson v. Cannon</u>, 474 U.S. 344, 345-348 (1986); <u>Pink v. Lester</u>, 52 F.3d 73 (4th Cir. 1995) (<u>Daniels</u> bars an action under § 1983 for negligent conduct); <u>Ruefly v. Landon</u>, 825 F.2d 792, 793-794 (4th Cir. 1987). Similarly, medical malpractice, a state law tort, is not actionable under 42 U.S.C. § 1983. <u>Estelle v. Gamble</u>, 429 U.S. at 106 ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner"). Thus, Plaintiff's allegations regarding the Defendants' incorrect medical treatment and "medical mistakes" fail to state a cognizable claim under § 1983. The Complaint in this case should be dismissed for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

### RECOMMENDATION

Accordingly, the court recommends that the Complaint in the above-captioned case be dismissed without prejudice and without issuance of service of process.

May 29, 2009  
Columbia, South Carolina

_____  
Paige J. Gossett  
UNITED STATES MAGISTRATE JUDGE

*Plaintiff's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985).