# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Julius H. Pitts, #288589, ) | Civil Action No. 0:09-1000-MBS |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER AND OPINION** |
| ) | |
| Perry Correctional Institution Medical Staff, ) | |
| Kirkland Correctional Institution Medical Staff, ) | |
| Lee Correctional Institution Medical Staff, ) | |
| and all Individuals and Officials, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

Plaintiff is an inmate in custody of the South Carolina Department of Corrections ("SCDC") who is currently housed at the Lee Correctional Institution in Bishopville, South Carolina. Plaintiff, proceeding pro se, filed a complaint on April 15, 2009 pursuant to 42 U.S.C. § 1983, asserting that Defendants have been deliberately indifferent to his medical needs.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Paige J. Gossett for pretrial handling. The Magistrate Judge reviewed the complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act. On May 29, 2009, the Magistrate Judge issued a Report and Recommendation in which she recommended that Plaintiff's complaint be summarily dismissed for failure to state a claim upon which relief may be granted. The Magistrate Judge determined that (1) Plaintiff failed to name a proper defendant pursuant to 42 U.S.C. § 1983 because the "Medical Staff" at Perry, Kirkland, and Lee Correctional Institutions are not "persons" subject to suit under § 1983; and (2) even if Plaintiff had named a proper defendant, Plaintiff's claim would

not be cognizable under § 1983 because Defendants' actions did not constitute a deliberate indifference to a serious medical need. Plaintiff filed an objection to the Report and Recommendation on July 27, 2009.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). The district court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. Id. The district court need not conduct a *de novo* review when a party makes only general and conclusory objections that do not direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations. Orpiano v. Johnson, 687 F.2d 44, 47-48 (4th Cir. 1982).

In his objection, Plaintiff states that "his claim clearly identified [SCDC] persons (Medical Staff) as the defendants in this action." Entry 19. Under 42 U.S.C. § 1983, Plaintiff is required to allege: (1) that he was injured; (2) by the deprivation of any rights, privileges, or immunities secured by the Constitution and the laws of the United States; (3) by a *person* acting under color of state law." See 42 U.S.C. 1983 (emphasis added). The Magistrate Judge properly determined that the "Medical Staff" at Perry, Kirkland, and Lee Correctional Institutions are not "person[s]" subject to suit pursuant to § 1983. See Allison v. California Adult Auth., 419 F.2d 822, 823 (9th Cir. 1969) (concluding that the California Adult Authority and San Quentin Prison are not "person[s]" subject to suit under § 1983); Preval v. Reno, 57 F. Supp. 2d 307, 310 (E.D. Va. 1999) (concluding that the Piedmont Regional Jail is not a "person" subject to suit under § 1983); Barnett v. Padula, No. 9:09-

cv-00949-RBH, 2009 WL 137185 (D.S.C. May 15, 2009) (concluding that the "Lee CI Medical Staff" is not a "person" subject to suit under § 1983); <u>Barnes v. Bakersville Corr. Cen. Med. Staff</u>, No. 3:07-cv-195, 2008 WL 2564779 (E.D. Va. June 25, 2008) (concluding that a plaintiff failed to state a claim for relief under § 1983 because the plaintiff named "unspecified prison personnel" as defendants).

The Court hereby grants Plaintiff thirty (30) days to amend his complaint to name a proper defendant pursuant to 42 U.S.C. § 1983.

**IT IS ORDERED**.

                                                           s/Margaret B. Seymour
                                                           United States District Judge

Columbia, South Carolina

November 2, 2009.