IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Julius H. Pitts, | ) | C/A No. 0:09-1000-MBS-PJG |
| Plaintiff, | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| Perry Correctional Institution Medical Staff; Kirkland Correctional Institution Medical Staff; Lee Correctional Institution Medical Staff, *all individually and officially*; Dr. Lewis, *Perry Correctional Institution*; NP Amy Enloe, *Perry Correctional Institution*; John Does, *Kirkland Correctional Institution*; NP Blake, *Lee Correctional Institution*; Dr. Sthall, *Lee Correctional Institution*; Ms. McDonald, *Lee Correctional Institution,* | ) | |
| Defendants. | ) | |

Plaintiff Julius H. Pitts, a self-represented state prisoner, filed this action pursuant to 42 U.S.C. § 1983 alleging a violation of his constitutional rights. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on the defendants' motion for summary judgment.[1] (ECF No. 53.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Pitts was advised of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the defendants' motion. (ECF No. 54.) Pitts filed a response in opposition (ECF No. 56) and the

---

[1] The defendants assert that Defendant Sthall is now deceased and was not served with process in accordance with Rule 4 of the Federal Rules of Civil Procedure. Similarly, the court notes that the John Doe defendants from Kirkland Correctional Institution were not authorized for issuance and service of process. (See Order, ECF No. 36); see Fed. R. Civ. P. 4. Accordingly, these defendants are not properly before the court.

Page 1 of 7



defendants filed a reply (ECF No. 57).  Having carefully considered the parties' submissions and the applicable law, the court concludes that the defendants' motion should be granted.

## BACKGROUND

Pitts filed this action alleging that in 2005, while housed at Perry Correctional Institution, he suffered an injury to his right foot, ankle and big toe.  Although the injury was initially diagnosed as a sprain, Pitts alleges that he has continued to experience pain and discomfort and has been seen by various medical staff at Perry Correctional Institution, Kirkland Correctional Institution, and Lee Correctional Institution over the course of the last few years.  He complains that he is in need of surgery that is not being provided.

## DISCUSSION

**A.     Summary Judgment Standard**

Summary judgment is appropriate only if the moving party "shows that there is no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A party may support or refute that a material fact is not disputed by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."  Fed. R. Civ. P. 56(c)(1).  Rule 56 mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case."  Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).  However, "[o]nly disputes over



facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(c), (e); Celotex Corp., 477 U.S. at 322. Further, while the federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g., Cruz v. Beto, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

**B.    Pitts's Claims**

   **1.    Defendants Not Subject to Suit**

As an initial matter, the defendants correctly assert that Defendants Perry Correctional Institution Medical Staff, Kirkland Correctional Institution Medical Staff, and Lee Correctional Institution Medical Staff ("Medical Staff Defendants") are entitled to judgment as a matter of law. To state a claim for damages under 42 U.S.C. § 1983, an aggrieved party must allege: (1) that he or she was injured; (2) by the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States; (3) by a person acting under color of state law. See 42 U.S.C. § 1983. The Medical Staff Defendants are not "persons" within the meaning of § 1983. See



Monell v. Dep't of Soc. Serv., 436 U.S. 658, 690 & n.55 (1978) (noting that for purposes of § 1983 a "person" includes individuals and "bodies politic and corporate"); see generally 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1230 (2002). The use of the term "staff" or the equivalent as a name for alleged defendants, without naming specific staff members, is not adequate to state a claim against a "person" as required in § 1983 actions. See Barnette v. Padula, C/A No. 9:09-00949-RBH, 2009 WL 1371815 (D.S.C. May 15, 2009) (unpublished); Barnes v. Baskerville Corr. Ctr. Med. Staff, C/A No. 3:07CV195, 2008 WL 2564779 (E.D. Va. June 25, 2008) (unpublished).

Moreover, to the extent the remaining defendants are sued in their official capacities for monetary damages, they correctly assert that they are immune from suit in this court. As arms of the state, they are entitled to sovereign immunity and cannot constitute "persons" under § 1983 in that capacity. Will v. Michigan Dep't of State Police, 491 U.S. 58, 70-71 (1989); see also Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139 (1993) (stating that absent waiver of Eleventh Amendment immunity, "neither a State nor agencies acting under its control may be subject to suit in federal court") (quotations and citations omitted). Although a State may waive sovereign immunity, Lapides v. Board of Regents, 535 U.S. 613 (2002), the State of South Carolina has specifically denied this waiver for suit in federal district court. See S.C. Code Ann. § 15-78-20(e). Accordingly, to the extent the defendants are sued in their official capacities, they are immune from suit. Will, 491 U.S. at 70-71; see also Quern v. Jordan, 440 U.S. 332, 343 (1979) (recognizing that Congress did not override the Eleventh Amendment when it created the remedy found in 42 U.S.C. § 1983 for civil rights violations).

### 2. Individual Capacity Defendants

The remaining defendants—Lewis, Enloe, Blake, and McDonald—are also entitled to summary judgment because, despite having been given the opportunity to amend his complaint, Pitts has still failed to allege any facts showing personal involvement by them in connection with any alleged constitutional violation. See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). The law is clear that personal participation of a defendant is a necessary element of a § 1983 claim against a government official in his individual capacity. Trulock v. Freeh, 275 F.3d 391, 402 (4th Cir. 2001). Moreover, a claim based upon the doctrine of respondeat superior does not give rise to a § 1983 claim. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691-94 (1978). "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Iqbal, 129 S. Ct. at 1948.

In his Amended Complaint, Pitts merely alleges that the individual defendants are liable because they had "actual knowledge of [Pitt's] medical needs" but failed to take action to ensure all remedies had been examined. (Am. Compl., ECF No. 27 at 1-2.) Such bare allegations are insufficient to establish a constitutional claim. See Iqbal, 129 S. Ct. at 1949. Even taken as true, Pitts at most alleges negligence, which is insufficient to state an Eighth Amendment claim of medical indifference. See Estelle v. Gamble, 429 U.S. 97, 106 (1976). Accordingly, these defendants are entitled to summary judgment.

Moreover, even if the Amended Complaint alleged facts stating a plausible claim of a constitutional violation by the individual defendants, these defendants have presented unrefuted evidence, including Pitts's medical records and affidavits from the individual defendants, describing



the medical care Pitts has received.  (See generally Defs.' Mem. Supp. Mot. Summ. J. at 4-18, ECF No. 53-1) (summarizing affidavits and medical records).  On this record, no reasonable jury could find that any of these defendants was deliberately indifferent to any serious medical need of Pitts. See Farmer v. Brennan, 511 U.S. 825, 834 (1994).

### 3. Remaining Claims

To the extent that Pitts's Amended Complaint could be construed to state additional claims under state law, the court should decline to exercise supplemental jurisdiction over those claims. See 28 U.S.C. § 1367(c).

### RECOMMENDATION

For the reasons stated herein, the court recommends that the defendants' motion for summary judgment (ECF No. 53) be granted.

*[signature]*
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

January 23, 2011
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).