IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Julius H. Pitts, | ) | |
| | ) | C/A No. 0:09-1000-MBS |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| Perry Correctional Institution Medical Staff; Kirkland Correctional Institution Medical Staff; Lee Correctional Institution Medical Staff; Dr. Lewis, *Perry Correctional Institution*; NP Amy Enloe, *Perry Correctional Institution*; John Does, *Kirkland Correctional Institution*; NP Blake, *Lee Correctional Institution*; Dr. Sthall, *Lee Correctional Institution*; and Ms. McDonald, *Lee Correctional Institution*, | ) ) ) ) ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Plaintiff Julius H. Pitts is a prisoner currently in the custody of the South Carolina Department of Corrections. Plaintiff filed the within action pursuant to 42 U.S.C. § 1983 on or about April 15, 2009, alleging that Defendants violated his constitutional rights by failing to provide him with adequate and proper medical treatment following an injury that Plaintiff suffered to his right foot, ankle, and big toe.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Paige J. Gossett for pretrial handling. On May 29, 2009, the Magistrate Judge issued a Report and Recommendation ("R&R") in which she recommended that Plaintiff's complaint be summarily dismissed without prejudice for failure to state a claim upon which relief may be granted, given Plaintiff's failure to name a proper defendant under 42 U.S.C. § 1983. First R&R, ECF No. 10. Plaintiff objected to the R&R and the Court issued an Order on

November 3, 2009 granting Plaintiff thirty days to amend his complaint to name a proper defendant. See Order, ECF No. 21. After requesting and receiving an extension of this deadline, Plaintiff filed an amended complaint on January 22, 2010. See Am. Compl., ECF No. 27.

On August 4, 2010, Defendants filed a motion for summary judgment. As required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the Magistrate Judge issued an order on August 5, 2010, advising Plaintiff of the summary judgment motion and dismissal procedures and the possible consequences if he failed to respond adequately. Roseboro Order, ECF No. 54. Plaintiff filed a memorandum in opposition to Defendants' motion on September 8, 2010. Pl.'s Resp., ECF No. 56.

On January 24, 2011, the Magistrate Judge filed a Second R&R, this one addressing Defendants' motion for summary judgment and recommending that it be granted. See Second R&R, ECF No. 59. The basis for the recommendation is that none of the named Defendants may be sued under § 1983. Specifically, the Magistrate Judge concludes that Defendants Perry Correctional Institution Medical Staff, Kirkland Correctional Institution Medical Staff, and Lee Correctional Institution Medical Staff are entitled to judgment as a matter of law, because they are not "persons" within the meaning of § 1983. Id. at 3–4. The Magistrate Judge also concludes that the remaining Defendants are entitled to summary judgment, because "to the extent the remaining defendants are sued in their official capacities for monetary damages," they are immune from suit in this Court "[a]s arms of the state," and furthermore, "despite having been given the opportunity to amend his complaint, [Plaintiff] has still failed to allege any facts showing personal involvement by them in connection with any alleged constitutional violation." Id. at 4–5. No party filed objections to this second R&R.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of any portions of the R&R to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

The court has carefully reviewed the record. The court adopts the R&R and incorporates it herein by reference. Defendants' motion for summary judgment is GRANTED and Plaintiff's complaint DISMISSED.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
Margaret B. Seymour
United States District Judge

Columbia, South Carolina
February 21, 2011.